UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LORENZO LAVENDER,**

    **Plaintiff,**

v.

**TITANIUM METALS CORPORATION,**

    **Defendant.**

Case No. 2:19-cv-2382
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court on Defendant Titanium Metals Corporation's ("TIMET") *Motion to Compel Arbitration and Stay the Complaint* (ECF No. 5). For the reasons stated below, the Court **GRANTS** TIMET's *Motion* and hereby **STAYS** this action.

### I.

Plaintiff Lorenzo Lavender ("Lavender") is an African American male who has worked at TIMET for 13 years at its Toronto, Ohio facility. (Pl.'s Compl. at ¶¶ 6, 7.) Lavender is a member of the United Steelworkers, Local Union 5644 (the "Union"), so the terms of his employment are governed by the Collective Bargaining Agreement (the "CBA") between TIMET and the Union. (The CBA, ECF No. 5-1.) Lavender filed this lawsuit against TIMET, alleging retaliation, disparate treatment, and a racially hostile work environment in violation of Title VII of the 1964 Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*) and Ohio Revised Code §§ 4112, *et seq.* (*See* Pl.'s Compl. at ¶¶ 1, 58–68.) TIMET moves this Court to compel arbitration to resolve Lavender's claims. In TIMET's view, the CBA unequivocally binds Lavender to do so. Article XVII of the CBA, states, in relevant part:

> It is the continuing policy of the Corporation and the Union that the provisions of this Agreement shall be applied to all employees in accordance with state and federal laws prohibiting discrimination in employment on the basis of race, color, religious creed, sex, age, disability or national origin. This policy includes freedom from unlawful workplace harassment and compliance with the Family and Medical Leave Act. In order to promote the prompt resolution of claims of violations of this policy and these laws, the parties agree (a) to maintain a Joint Committee on Civil Rights, and (b) that such claims shall be subject to the grievance and arbitration procedure in Article IX which shall be the exclusive forum for the resolution of such claims.

(The CBA, ECF No. 5-1 at Art. XVII, Sect. 1, p. 103.)

## II.

Under the FAA, "[a] written provision in ... a contract evidencing a transaction involving commerce to settle a controversy thereafter ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This Court has long held that the FAA reflects a liberal federal policy favoring arbitration. *BJ's Elec., Inc. v. Cherokee 8A Group, Inc.*, No. 2:18-cv-1383, 2019 WL 3082357, at *1 (S.D. Ohio July 15, 2019); *Prachun v. CBIZ Benefits & Ins. Servs., Inc.*, No. 2:14-cv-2251, 2015 WL 5162522, at *2 (S.D. Ohio Sep. 3, 2015). Unless "the parties clearly and unmistakably provide otherwise, it is the court's duty to interpret the agreement and to determine whether the parties intended to arbitrate grievances concerning a particular matter." *Granite Rock Co. v. Int'l Brh. of Teamsters*, 561 U.S. 287, 301 (2010) (citation omitted).

"To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration ...." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (citing 9 U.S.C. § 3–4). In suits where all claims are referred to arbitration, the Court may stay the litigation pending arbitration or dismiss the litigation altogether. *See Arnold v. Arnold Corp.*, 920 F.2d 1269, 1275 (6th Cir. 1990) (finding that the district court did not err by dismissing the

complaint after ordering arbitration); *see also Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009).

The Sixth Circuit has provided the following four-pronged test to evaluate a motion to stay the proceedings and compel arbitration:

(1) The Court must determine whether the parties agreed to arbitrate;

(2) the Court must determine the scope of the agreement;

(3) if federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and

(4) if the Court concluded that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). When applying this test, "doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration." *Id.* at 715.

### III.

TIMET moves the Court to compel arbitration, arguing that the CBA clearly and unmistakably requires Lavender to arbitrate his state and federal race discrimination and retaliation claims. Lavender responds that the CBA is unenforceable because it does not specifically mention "Title VII of the Civil Rights Act, Title 42 U.S.C. §§ 2000e, *et seq.*, or Ohio Revised Code §§ 4112, *et seq.*[,]" as required by the "clear and unmistakable" standard set forth in *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 81 (1998). (Pl.'s Resp. at 2.) Because the CBA never specifically mentions those statutes, Lavender argues, he did not waive his right to sue TIMET for allegedly violating those statutes. Properly construed, the only issue before the Court pertains to the second *Stout* factor—*i.e.*, whether the CBA's arbitration provision covers Lavender's claims arising under Title VII and Ohio Revised Code Section 4112. Therefore, the Court need not address the other *Stout* factors.

3

Under the second prong of the *Stout* test, the Court must determine the scope of the CBA. *Stout*, 228 F.3d at 714. This is a matter of contract interpretation since arbitration "is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." *Int'l Ass'n of Machinists v. AK Steel Corp.*, 615 F.3d 706, 711 (6th Cir. 2010) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1993)). Lavender contends that he never agreed to exclusively arbitrate his discrimination claims since, under *Wright*, he never waived his right to pursue a judicial forum for those claims. *See Wright*, 525 U.S. at 80.

In *Wright*, the Supreme Court held that it "will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.'" *Id.* at 80. There, the statutorily protected right at issue was the same one that is currently before the Court: the right to pursue discrimination claims in a judicial forum. The *Wright* Court found that the waiver of this right must be "clear and unmistakable." *Id.* Ultimately, the *Wright* Court concluded plaintiff did not waive this right because the CBA did not contain any explicit antidiscrimination provision or express language requiring discrimination claims to be arbitrated. *Id.* Rather, the CBA required arbitration for any "matters under dispute." *Id.* Accordingly, to establish that his CBA is unenforceable, Lavender must prove that it: (i) contained a "general" antidiscrimination provision, and (ii) lacked a "clear and unmistakable" waiver of Lavender's statutorily protected right to pursue discrimination claims in a judicial forum. *Id.*

### 1. The CBA Contains a Specific Antidiscrimination Provision

Upon consideration of the CBA's unambiguous language and the applicable case law, the Court finds that the CBA contained a specific antidiscrimination provision that explicitly required Lavender to arbitrate any statutory discrimination claims arising under state and federal law. In *Bratten v. SSI Serv., Inc.*, 185 F.3d 625 (6th Cir. 1999), the Sixth Circuit found that "a statute must

4

specifically be mentioned in a[n] [Agreement] for it to even approach *Wright*'s 'clear and unmistakable' standard." *Id.* at 631. The court reasoned that "including a provision in a collective bargaining agreement that prevents discrimination against employees under a federal statute is not the same thing as requiring union members to *arbitrate* such statutory claims." *Id.* at 631–32 (citation omitted). In *Kennedy v. Superior Printing Co.*, 215 F.3d 650 (6th Cir. 2000), the court analyzed the relevant agreement's anti-discrimination provision under *Bratten* and concluded that it was "only a general provision that prohibits various forms of discrimination against employees." *Id.* at 654. The *Kennedy* court noted that, in a separate provision, the agreement broadly defined "grievance" as "any controversy or dispute arising from the interpretation and/or application of the terms and work conditions under this labor agreement," which was to be decided by an arbitrator. *Id.* Without explicitly requiring union members to arbitrate statutory discrimination claims, and instead broadly declaring that "any controversy or dispute" must be arbitrated, the agreement in *Kennedy* was deemed general and thus subject to *Wright*'s "clear and unmistakable" standard. *Id.*

In this case, Article XVII of the CBA, titled "Civil Rights," states that "the provisions of this Agreement shall be applied to all employees in accordance with state and federal laws prohibiting discrimination in employment on the basis of race, color, religious creed, sex, age, disability or national origin." (Pl.'s Compl., Ex. 1 at Art. 12, § 1.) Unlike the agreements in *Kennedy* and *Bratten*, the CBA's Civil Rights section also explicitly requires that "claims of violations of this policy and these laws … shall be subject to the grievance and arbitration procedure in Article IX which shall be the exclusive forum for the resolution of such claims." (*Id.*) By defining the state and federal discrimination laws that apply and then explicitly requiring arbitration of claims arising under those laws, the CBA satisfies the concerns of *Bratten* and *Kennedy*. That is, the CBA's Civil Rights section not only "include[es] a provision in a collective

5

bargaining agreement that prevents discrimination against employees under [state and] federal statute[s]" *but also* "requir[es] union members to arbitrate such statutory claims." *Bratten*, 185 F.3d at 631–32; *Kennedy*, 215 F.3d at 654.

In conclusion, the Court finds that Lavender's argument that the CBA's antidiscrimination provision is general and thus subject to the "clear and unmistakable" standard lacks merit. Since the Civil Rights section of the CBA explicitly requires Lavender to arbitrate his discrimination claims arising under state and federal law, TIMET has established the second prong of the *Stout* test. Accordingly, TIMET has satisfied its burden.

### IV.

For the reasons stated above, the Court **GRANTS** TIMET's *Motion to Compel Arbitration* (ECF No. 5) and hereby **STAYS** this action until such arbitration has been had in accordance with the terms of the CBA.

**IT IS SO ORDERED.**

\_\_11-8-2019\_\_  
**DATE**

**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**